# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| CHRIST JERMAINE MURCHISON, ) | Civil Action No. 7:13-cv-00311 |
|     Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| WESTERN VIRGINIA REGIONAL ) | |
| JAIL MEDICAL STAFF, ) | By:   Hon. Michael F. Urbanski |
|     Defendant. ) |        United States District Judge |

Christ Jermaine Muchison, a Virginia inmate proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names the Western Virginia Regional Jail Medical Staff as the sole defendant. This matter is before the court for screening, pursuant to 28 U.S.C. § 1915A. After reviewing Plaintiff's submissions, the court dismisses the Complaint without prejudice for failing to state a claim upon which relief may be granted.

## I.

Plaintiff visited the Western Virginia Regional Jail ("Jail") Medical Department on May 5, 2013, to have his back pain treated. A physician's assistant could not diagnose the problem and ordered pain medications. Plaintiff later complained that the medications were not working, the pain was increasing, he could not sit up straight, and he had to wait a month before seeing the Jail's doctor. Plaintiff does not believe he will get "any fair treatment" at the Jail.

## II.

The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims

based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim."[1] Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). A group of persons, like the Jail's Medical Staff, is not a "person" subject to 42 U.S.C. § 1983. See, e.g., Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989); Ferguson v. Morgan, No. 1:90cv06318, 1991 U.S. Dist. LEXIS 8295, 1991 WL 115759, at *1 (S.D.N.Y. June 20, 1991) (concluding that a group of personnel, like "medical staff," is not a "person" for purposes of § 1983). Accordingly, Plaintiff cannot proceed against the Jail's Medical Staff via § 1983.

---

[1] Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

2

**III.**

For the foregoing reasons, the court dismisses the Complaint without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1), and denies Plaintiff's motion to proceed in forma pauperis as moot.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to Plaintiff.

Entered: August 8, 2013

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge